Jaime **MELENDEZ MARRERO,**
et al., **Plaintiff,**

v.

**Commonwealth of PUERTO RICO,**
et al., **Defendants.**

**Civil No. 02–1676(JAG).**

United States District Court,
D. Puerto Rico.

June 21, 2002.

Joseph Deliz-Hernandez, Bayamon, PR, for Plaintiffs.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiffs Jaime Melendez Marrero and Nieves Melendez Marrero (collectively, "plaintiffs") have filed a Complaint seeking relief for certain civil rights and constitutional violations allegedly committed by defendants Commonwealth of Puerto Rico, and various government officials during plaintiff Jaime Melendez Marrero's tenure in the Bayamon maximum security correctional facility. A review of the Complaint shows that plaintiff has not yet exhausted administrative remedies. As a result, the Court dismisses the Complaint without prejudice.[1]

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), contains a "comprehensive administrative exhaustion requirement," *Perez v. Wisconsin Dep't of Corrections,* 182 F.3d 532, 534–35 (7th Cir.1999), that provides: **"No action** shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility **until such administrative remedies as are available are exhausted."** (Emphasis supplied.) Although the PLRA does not deprive the Court of subject matter jurisdiction, the statutory provision requires dismissal of any case in which an available administrative remedy has not been exhausted. *Id.* at 535.

The United States Supreme Court's recent decision in *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001), has established beyond question that administrative exhaustion is a necessary precondition to suit. *Booth* held that the PLRA requires exhaustion even in a case where the administrative grievance process does not permit an award of money damages. *See Booth,* 121 S.Ct. at 1825 ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Put another way, the Supreme Court has plainly held that the PLRA admits not even the so-called "futility exception." *Id.; see also Nyhuis v. Reno,* 204 F.3d 65, 71–72 (3rd Cir.2000). An inmate must exhaust administrative remedies before filing suit, or face dismissal for failing to do so.

When a prison inmate seeks monetary or equitable relief on claims based on prison conditions, he or she must first exhaust all available administrative remedies. Here, Melendez Marrero's Complaint does

---

1. The Court notes that the Complaint faces serious Eleventh Amendment hurdles as well. *See, e.g., University of Rhode Island v. A.W. Chesterton Co.,* 2 F.3d 1200 (1st Cir.1993)(holding that the Commonwealth of Puerto Rico is not a citizen for purposes of 28 U.S.C. § 1332).

not even suggest that he has taken the required steps toward administrative exhaustion. Accordingly, the Court will dismiss the Complaint without prejudice, pending exhaustion of available administrative remedies.

## CONCLUSION

For the foregoing reasons, the Court dismisses the Complaint without prejudice. Judgment will enter accordingly.

IT IS SO ORDERED.